## 11701

### GILFILLIN *ET AL.* v. RECTOR *ET AL.*
### UNITED STATES RUBBER CO. v. SALUDA MFG. CO.

(126 S. E., 761)

JUDGMENT—COUNTY COURT'S JUDGMENT, ENTERED FIVE DAYS AFTER REN-
DITION, HELD LIEN FROM DATE OF RENDITION, THOUGH ORDER FOR
JUDGEMENT PROVIDED FOR ENTRY WITHIN FOUR DAYS FROM RENDI-
TION.—Under Code Civ. Proc., 1922, § 610, making final judgment
lien for period of ten years from date when entered in Court of
record and also lien from rendition "until the expiration of the ris-
ing of the Court at which the same was rendered," Circuit Court
Rule No. 3, prohibiting Clerk from entering judgment until ex-
piration of five days after adjournment for term without special
leave of Court, County Court Act, § 5, making laws and statutes
applicable generally to Circuit Court also applicable to County
Court, section 10 fixing times for ordering terms of County Court,
and providing that such Court shall always be open for transaction
of such civil business as can be disposed of without a jury, and Act
February 24, 1923 (33 St. at Large, p. 62), a County Court judg-
ment, entered five days after rendition, was lien from day of ren-
dition, notwithstanding order giving plaintiff "four days from this
date to enter up judgment."

Before ANSEL, J. COUNTY COURT, Greenville, February, 1924. Affirmed.

Action by the United States Rubber Company against the Saluda Manufacturing Company in which judgment was rendered for plaintiff, and E. A. Gilfillin and others filed petition for order requiring Carlos A. Rector, as Sheriff, to show cause why he. should not be enjoined from pro-ceeding under execution on such judgment against certain property claimed by petitioners. From an order dismissing a rule to show cause, the petitioners appeal.

Judge Ansel's order follows:

"This is a petition filed on the part of the petitioners, praying that the respondent, Carlos A. Rector, as Sheriff of Greenville County, be permanently enjoined and re-strained from levying the execution in this said cause and from collecting the same, except as provided by the laws of the State of South Carolina under the assignment acts. An order was made by me requiring the respondent, Carlos A. Rector, as Sheriff, to show cause before me why he should not be enjoined and restrained from proceeding under the execution. (See my order.)

"A return to the rule was made by the said Carlos A. Rector, as Sheriff, and the testimony offered on both sides was heard and considered. (See return and evidence.) The case was fully argued by counsel. The facts of the case are as follows:

"On July 14, 1922, the United States Rubber Company, a corporation, obtained judgment against the Saluda Man-ufacturing Company, a corporation, for the sum of $499.36 in this Court, and in the order for judgment it is provided as follows: 'It is further ordered that the plaintiff have leave, four days from this date, to enter up this judgment.'

"On the 19th of July, 1922, judgment was entered up and same was enrolled on the 'abstract of judgment' for Greenville County on the same date. . A deed of assign-ment from the Saluda Manufacturing Company to E. A. Gilfillin, assignee, was executed and delivered on the 14th day of July, 1922, and acceptance of same by E. A. Gilfillin,

as assignee, on the same date. Said deed was recorded in the office of the Register of Mesne Conveyances for Greenville County, S. C., on the 17th day of July, 1922. Said deed of assignment included real estate situate in Greenville County, S. C.

"Rule 3 of the Circuit Court provides as follows: 'The Clerk shall not enter without special leave of the Court any judgment until the expiration of five days after the adjournment for the term.'

"Section 610 of the Code of Laws of 1922, Vol. 1, provides as follows:

"'Final judgments entered in any Court of record in this State, subsequent to the 25th day of November, A. D. 1873, shall constitute a lien upon the real estate of the judgment debtor in the County where the same is entered for a period of ten years from the date thereof; * * * provided that the verdict of a jury, where rendered for an amount of money, and the order of the Court, in a cause tried or determined by the Court, upon a money demand, shall be a lien upon all the real estate of the person against whom the same is rendered, from the rendition of such verdict or order until the expiration of five days from the rising of the Court at which the same was rendered.'

"Section 5 of the County Court Act (Acts 1920, p. 792), provides as follows:

' "Sec. 5. That all general laws and statutory provisions applicable generally to the Circuit Courts and Courts of General Sessions of this State and trial of cases therein shall apply to said County Court and to the conduct and trial of cases therein where not inconsistent with this Act.'

"Section 10 of said Act provides:

"'The County Court shall be held at the discretion of the County Judge at such times as he may deem necessary to promptly dispatch the business of the Court, and continue for such [length of] time as is necessary to dispose of the business before the Court: *Provided,* That said

Court shall always be open for the transaction of civil business as can be disposed of without a jury.'

"An amendment was passed to this Act in 1923 (33 St. at Large, p. 62), fixing the times for the holding the terms of the County Court, but it also provided, 'that said Court shall always be open for the transaction of such civil business as can be disposed of without a jury.'

"Section 610 of the Code above referred to gives to the judgment in this case a lien on the real estate of the judgment debtor for five days from the rendition of the same, that is to say, five days from the 14th day of July, 1922. By excluding the 14th day of July and including the last of the five days, the lien would be existing on the 19th day of July, 1922, which was the day the judgment in the case was entered on the abstract of judgments for Greenville County by the Clerk. It will be seen from the order made by this Court allowing the judgment creditor to enter up judgment it provides that 'the plaintiff have leave, four days from this date, to enter up this judgment.' The plaintiff, therefore, could not enter up judgment earlier than four days from its date because the County Court is always open. He did not enter it until the fifth day. Did the judgment creditor lose the lien given by Section 610 of the Code, by not entering it on the fourth day? I think not. The Act gave it a lien for five days after its rendition, and the order of mine could not divest that lien during those five days, so that when the judgment was entered on the abstract of judgments on the fifth day, it became a lien on the real estate under the first part of Section 610 of the Code referring to final judgments. It was a continuing lien and had reference back to the date of rendition. If the creditor had not entered up the judgment and had it entered on the abstract of judgments during the five days the lien would have expired.

"My conclusion, therefore, is that the judgment of the plaintiff in the main cause above is a lien upon the land,

which by agreement of counsel, has been transferred to the funds in the hands of the assignee and agent.

"It is, therefore, ordered that the rule to show cause be, and the same is hereby, dismissed."

*Mr. Jas. M. Richardson,* for petitioners-defendant, cites: Sec. 610, Vol. 1, Code 1922, *has no application to Greenville County Court:* Acts 1920, p. 792, Secs. 5, 10. *Lien of judgment dates from the date of entry on the abstract books:* Act 1838, XI Statutes at Large; 6 S. C., 13; 28 S. C., 78; 54 S. C., 168; 108 S. C., 116.

*Mr. Wilton H. Earle,* for plaintiff-respondent, cites: *Statutory provisions applicable to the Circuit Courts shall apply to the Greenville County Courts.* Sec. 5, Act 1920, 792. *Rule 3 of the Circuit Court and Sec. 610, Vol. 1, Code 1922, applies. Rule as to lien of judgment:* 91 Am. Dec., 129; 70 Am. St. Rep., 858, and Note 862; Note 66 Am. St. Rep., 523; 15 R. C. L., 616, Sec. 56; 2 R. C. L., Secs. 14, 15, 17, 71.

February 28, 1925.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The order of Judge Ansel is satisfactory to this Court and is affirmed. Two liens are provided for, and we know of no reason why the original Act should apply to the County Court of Greenville and the amended Act should not apply.

The judgment appealed from is affirmed.

MR. JUSTICE WATTS concurs.

MR. JUSTICE MARION concurs in result.

MR. CHIEF JUSTICE GARY and MR. JUSTICE COTHRAN did not participate.